# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

NATIONWIDE JUDGMENT
RECOVERY, INC.,

       Plaintiff,

v.                                           Case No:   6:21-mc-13-WWB-LHP

THERESA BRIDIE,

       Defendant

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**   MOTION TO DISMISS FOR IMPROPER SERVICE AND DEPRIVATION OF DUE PROCESS AB INITIO (Doc. No. 39)
>
> **FILED:**     January 4, 2023
>
> ---
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED in part and DENIED in part**.

On August 14, 2017, a final judgment was entered in the United States District Court for the Western District of North Carolina in favor of Kenneth D. Bell, in his capacity as court-appointed receiver for Rex Venture Group, LLC, d/b/a

ZeekRewards.com ("Bell"), and against several individual class members, including Defendant Theresa Bridie. Doc. No. 1-1. On January 21, 2021, Bell registered a certified copy of that foreign judgment with this Court. Doc. Nos. 1, 1-1. Nationwide Judgment Recovery, Inc. ("Nationwide") has since been substituted as the party-Plaintiff. Doc. No. 3.

As relevant here, Ms. Bridie seeks to "dismiss" a subpoena to testify at deposition. Doc. Nos. 39, 39-1, 39-3. According to the motion, Ms. Bridie received a subpoena directed to a Scott Bender, of whom she has "no connection to or knowledge." *See* Doc. No. 39-1. So, Ms. Bridie seeks to dismiss the subpoena, and also requests that the Court "Dismiss the entire underlying judgment based on deprivation of Due Process Ab Initio." Doc. No. 39-3, at 2.

Nationwide has not responded to the motion, and its time for doing so has long since passed. *See* Local Rule 3.01(c). Accordingly, the Court considers the motion to be unopposed. *See id.* Upon consideration, given that Ms. Bridie was served with a subpoena that is directed to another person, *see* Doc. No. 39-1, which Nationwide does not dispute, the request to "dismiss"[1] the subpoena is well taken. However, insofar as Ms. Bridie asks to "dismiss the entire underlying judgment," she cites no legal basis for this request, nor does she otherwise explain how this

---

[1] The Court treats the request to dismiss the subpoena as a request to quash.

- 2 -

Court would have jurisdiction to do so, given that this matter concerns the registration of a foreign judgment entered by another Court.

Accordingly, the Motion (Doc. No. 39) is **GRANTED in part**, in that the subpoena served on Plaintiff but directed to Scott Bender, *see* Doc. No. 39-1, is hereby **QUASHED**.   The Motion (Doc. No. 39) is **DENIED in all other respects**.

**DONE** and **ORDERED** in Orlando, Florida on April 24, 2023.

*Leslie Hoffman Price*
LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties