**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

NATIONWIDE JUDGMENT
RECOVERY, INC.,

      Plaintiff,

v.                                    Case No:   6:21-mc-13-WWB-LHP

THERESA BRIDIE,

      Defendant

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**  **MOTION TO DISSOLVE THIS WRIT**  (Doc. No. 38)
>
> **FILED:**  December 12, 2022
>
> ---
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED**.

On August 14, 2017, a final judgment was entered in the United States District Court for the Western District of North Carolina in favor of Kenneth D. Bell, in his capacity as court-appointed receiver for Rex Venture Group, LLC, d/b/a ZeekRewards.com ("Bell"), and against several individual class members,

including Defendant Theresa Bridie. Doc. No. 1-1. On January 21, 2021, Bell registered a certified copy of that foreign judgment with this Court. Doc. Nos. 1, 1-1. Nationwide Judgment Recovery, Inc. ("Nationwide") has since been substituted as the party-Plaintiff. Doc. No. 3.

Nationwide was subsequently issued several writs of garnishment, including as to garnishee Wells Fargo Bank, N.A. Doc. Nos. 11–12, 20. Wells Fargo filed an answer, stating that it holds funds belonging to Defendant Theresa Bridie in an account held by Ms. Bridie and "Pauline Marie Zober." Doc. No. 22. By the above-styled motion, Pauline Marie Zober seeks to dissolve the writ. Doc. No. 38. Nationwide has not responded to the motion, and its time for doing so has long since passed. *See* Local Rule 3.01(c). Accordingly, the Court considers the motion to be unopposed. *See id.* And given that the motion is unopposed, the Court finds the relief requested well taken.[1]

---

[1] Ms. Zober has standing to dissolve the writ because she is identified in Wells Fargo's answer as one of the account holders. *See* Fla. Stat. § 77.07(2). *See also Navon, Kopelman & O'Donnell, P.A. v. Synnex Informaion Techs. Inc.*, 720 So. 2d 1167, 1168 (Fla. Dist. Ct. App. 1998) ("The statutory right to move to dissolve the writ is granted only to the defendant and any other person having an ownership interest in the property, as disclosed by the garnishee's answer." (emphasis omitted)). Ms. Zober also timely moved to dissolve the writ. *See* Doc. No. 28 (service on Ms. Zober by mail on November 25, 2022 (although to include typographical error of "2021" instead of "2022")), Doc. No. 38 (motion to dissolve writ filed December 12, 2022), Fla. Stat. § 77.055 (requiring motion for dissolution of writ of garnishment to be filed within 20 days after the date indicated on the certificate of service). Given that Nationwide does not oppose the relief requested in the

- 3 -

Accordingly, the Motion (Doc. No. 38) is **GRANTED**, and the writ of garnishment issued to Wells Fargo Bank, N.A. (Doc. No. 20) is **DISSOLVED**.

**DONE** and **ORDERED** in Orlando, Florida on April 24, 2023.

*Leslie Hoffman Price*
LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

motion, the Court finds a hearing on the matter unnecessary.

- 3 -